# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TRACY A. JENSON,<br>                    Petitioner, | DOCKET NUMBER<br>CB-1205-11-0019-U-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>                    Agency. | DATE: August 6, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tracy A. Jenson</u>, Spirit Lake, Idaho, pro se.

<u>R. Alan Miller</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member
Chairman Grundmann recused herself and did not participate in this adjudication.

## FINAL ORDER

¶1      This case is before the Board on the petitioner's request, pursuant to 5 U.S.C. § 1204 (f)(1), for review of a regulation of the Office of Personnel Management (OPM).  For the reasons set forth below, we DENY the request.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2 The petitioner asks the Board to review an OPM regulation concerning administrative pay claims in 5 C.F.R. Part 178, "Procedures for Settling Claims." The specific regulation that the petitioner addresses is 5 C.F.R. § 178.101(b), "Claims not covered." The petitioner challenges the part of the regulation that excludes "claims concerning matters that are subject to negotiated grievance procedures under collective bargaining agreements entered into pursuant to 5 U.S.C. § 7121(a)." Regulation Review File (RRF), Tab 1. The petitioner has asserted a pay claim in connection with his employment as an Air Traffic Control Specialist with the Federal Aviation Administration (FAA). RRF, Tab 4 at 9. During the period of his claim, the petitioner was in a bargaining unit position covered by the collective bargaining agreement between the National Air Traffic Controllers Association (NATCA) and the FAA. *Id.*

¶3 The petitioner's underlying claim is that he lost pay because of the FAA's denial of a two-step pay increase which he argues he was entitled to receive when the agency transferred him to a higher-level airport facility. *Id.* The petitioner does not dispute that his pay claim is excluded from coverage by the agency's negotiated grievance procedure, but he states that the procedure is unavailable in his case because NATCA refuses to process his grievance. RRF, Tab 1. The petitioner appears to contend that the union's failure to do so is the result of a conflict of interest that it has due to an allegedly discriminatory agreement with the agency which is the basis of the wrongful denial of his pay increase. *Id.*

¶4 In response to the petitioner's request, OPM notes that the regulatory provision challenged by the petitioner reflects 5 U.S.C. § 7121(a)(1), which provides that grievance procedures in negotiated collective bargaining agreements are to be the exclusive procedures for resolving matters covered by the agreements. RRF, Tab 4 at 6-7. OPM also argues that the petitioner has failed to satisfy the Board's requirements for a regulation review request. *Id.* at 5.

## ANALYSIS

¶5      Under 5 U.S.C. § 1204(f)(1), the Board has the authority to review rules and regulations promulgated by OPM at the request of an interested person. In reviewing the regulation, the Board may declare the regulation invalid if it either has required, or would on its face require, an employee to commit a prohibited personnel practice. 5 U.S.C. § 1204(f)(2)(A),(B). A request for regulation review must comply with the requirements of 5 C.F.R. § 1203.11(b)(ii-v): the petitioner must cite the regulation being challenged, describe in detail the reasons why the regulation or its implementation would require an employee to commit a prohibited personnel practice, specifically identify the prohibited personnel practice at issue, and describe the action the requester would like the Board to take. *Thoms v. Office of Personnel Management,* 103 M.S.P.R. 652, ¶ 6-7 (2006).

¶6      The petitioner has not provided any description of why he believes that 5 C.F.R. § 178.101(b), on its face or as implemented, requires any employee to commit a prohibited personnel practice. The petitioner also has not identified any specific prohibited personnel practice that the regulation requires, nor has he stated what action he would like the Board to take. Thus, the petitioner has not satisfied the Board's criteria for regulatory review and has failed to state a claim under 5 U.S.C. § 1204(f).

¶7      In addition, OPM's regulation merely incorporates 5 U.S.C. § 7121(a), which provides that, except for specified exceptions, a negotiated grievance procedure is the exclusive administrative procedure for resolving grievances which fall within its coverage. *Carter v. Gibbs*, 909 F.2d 1452, 1454-55 (Fed. Cir. 1990) (en banc), *cert. denied sub nom. Carter v. Goldberg*, 498 U.S. 811 (1990). When a regulation is based on the language of a statute, the Board lacks jurisdiction to review a challenge to the facial validity of that regulation. *Kelly v. Office of Personnel Management*, 53 M.S.P.R. 511, 515-16 (1992).

**ORDER**

¶8      Accordingly, we DENY the petitioner's request for regulation review.  This is the final decision of the Merit Systems Protection Board in this regulation review proceeding.      Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.